IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CYPRESS MEDICAL PRODUCTS, L.P., ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 04 C 7034 |
| v. ) | |
| ) | Judge Robert W. Gettleman |
| GARY WORTHINGTON, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Cypress Medical Products, L.P. ("Cypress") filed a two-count complaint against defendant Gary Worthington ("Worthington") in the Circuit Court of McHenry County asserting state law claims of breach of contract and conversion. Defendant removed the action to this court based on diversity of citizenship, pursuant to 28 U.S.C. §§ 1332(a) and 1441(b). Defendant has moved to transfer venue to the Eastern District of California pursuant to 28 U.S.C. § 1404(a). For the following reasons, the motion to transfer is denied.

## BACKGROUND

Plaintiff Cypress is an Illinois limited partnership with its offices located in McHenry, Illinois. Plaintiff distributes and sells medical products. Defendant Worthington was an employee of plaintiff from November 7, 2002, through August 19, 2004, when he resigned. Defendant currently resides in California. In October 2002, defendant began seeking employment with plaintiff. Defendant spoke on the telephone several times with Greg Meagher ("Meagher"), a vice president for plaintiff, concerning the terms of defendant's potential employment with plaintiff. At the time, defendant knew that plaintiff was located in Illinois and

that Meagher was in Illinois during the conversations. An agreement was reached between plaintiff and defendant, and on November 7, 2002, defendant signed an employment agreement ("Employment Agreement") and returned it to plaintiff in Illinois. Pursuant to the Employment Agreement, defendant became plaintiff's Western director of corporate sales, and his region included all of the area West of the Rocky Mountains, excluding Texas.

Defendant did not regularly work out of plaintiff's Illinois office, but during his employment with plaintiff he traveled to Illinois on at least three occasions. Defendant spent several days in plaintiff's offices and in meetings with plaintiff's executives. Plaintiff paid defendant, supervised and managed his work, and coordinated his potential and actual sales activities from Illinois. Most the products shipped to plaintiff's customers throughout the Western region were shipped from Illinois.

The Employment Agreement places several restrictions on defendant following the termination of his employment with plaintiff and requires defendant to protect plaintiff's confidential information. Paragraph 2[1] of the Employment Agreement states that during the course of his employment, defendant will have access to plaintiff's confidential and proprietary information, including specialized business practices, marketing studies, and customer and supplier lists. Paragraph 4 requires defendant to return all confidential information to plaintiff and destroy any copies and notes after his termination. The Employment Agreement also contains two non-solicitation clauses. Paragraph 5 restricts defendant, for a period of two years

---

[1]The court notes that although the Employment Agreement refers to the confidential information described in "paragraph one (1)," this appears to be an error because paragraph 1 of the Employment Agreement states that defendant is an employee at-will. Paragraph 2, however, refers to and lists confidential information.

after termination, from soliciting or doing business with any suppliers or customers of plaintiff that defendant "serviced, solicited, called or called upon" while employed by plaintiff. Paragraph 6 restricts defendant, for a period of two years after termination, from soliciting or doing business with any "existing or prospective supplier or customer of [plaintiff] referred to in any confidential data described in paragraph [2], and whose identity [defendant] learned as a result of his employment with [plaintiff]." The Employment Agreement contains a choice of law provision, stating, "This Agreement shall be governed by and construed in accordance with the laws of the State of Illinois." The Agreement does not contain a forum selection clause.

After defendant resigned from plaintiff, defendant began working for Dukal Corporation ("Dukal"), a direct competitor of plaintiff. On September 9, 2004, plaintiff sent defendant a letter, through his attorney, objecting to defendant's violation of the Employment Agreement. Plaintiff's letter noted that it did not understand how defendant could be employed by Dukal in a sales capacity without violating the Employment Agreement. Plaintiff specifically requested that defendant "provide written assurances that [he] will fully honor the terms of the [Employment Agreement]...." According to plaintiff, defendant refused to provide such assurances, and since beginning his employment with Dukal, defendant has solicited at least one of plaintiff's major customers with whom defendant worked on behalf on plaintiff.[2] Plaintiff also alleges that since his resignation, defendant has failed to return plaintiff's sample products that were provided to defendant by plaintiff, even when instructed to return these items at plaintiff's cost.

---

[2] The court notes that defendant attaches to his motion to transfer correspondence between counsel for the parties after defendant filed his notice of removal. Plaintiff objects that it is "inappropriate" for defendant to submit correspondence related to settlement in support of his motion. The court agrees, and does not consider these letters.

## DISCUSSION

Defendant has moved to transfer this case to the Eastern District of California. 28 U.S.C. § 1404(a) provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." Pursuant to §1404(a) a court may transfer a civil action to another district when: (1) venue is proper in both the transferor and transferee courts; (2) transfer serves the convenience of the parties and witnesses; and (3) transfer is in the interest of justice. Coffey v. Van Dorn Iron Works, 796 F.2d 217, 219 (7th Cir. 1986). The decision to transfer stems from the sound discretion of the trial judge where the task of weighing factors for and against transfer "necessarily involves a large degree of subtlety and latitude." Id. As the moving party, defendant must show that the "transferee forum is clearly more convenient" than the transferor forum. Heller Financial, Inc., v. Midwhey Powder Co., 883 F.2d 1286, 1293 (7th Cir. 1989) (citing Coffey, 796 F.2d at 219-220). Further, defendant must show that a transfer will promote the efficient administration of justice, rather than shift the inconvenience from one party to the other. See Black v. Mitsubishi Motors Credit of America, Inc., 1994 WL 424112, at *1 (N.D. Ill. Aug. 10, 1994).

The parties agree that venue is proper in both the proposed transferor court and the proposed transferee court. Therefore, the court has the power to transfer the case if to do so is in the interest of justice and for the convenience of parties and witnesses. The court must consider the relevant private and public interests in evaluating the convenience and fairness of a transfer of venue. The private interests include: (1) the plaintiff's initial choice of forum; (2) the situs of material events; (3) the ease of access to sources of proof; (4) the availability of compulsory

4

process for the attendance of unwilling witnesses and the cost of obtaining the attendance of the witnesses; and (5) the convenience to the parties, specifically their respective residences and their ability to bear the expense of litigating in a particular forum. Georgouses v. NaTec Resources, Inc., 963 F. Supp. 728, 730 (N.D. Ill. 1997).

A plaintiff's choice of forum is entitled to substantial weight, particularly when, as here, it is also its home forum. Sky Valley Ltd. Partnership v. ATX Sky Valley, Ltd., 776 F. Supp. 1271, 1276 (N.D. Ill. 1991)(the defendant "bears a heavy burden to show that the inconvenience of the parties and witnesses and the dictates of justice are substantial enough to overcome the presumption in favor of Illinois courts.").[3] Unless the balance weighs strongly in the defendant's favor, a plaintiff's choice of forum should rarely be disturbed. Vandeveld v. Christoph, 877 F. Supp. 1160, 1167 (N.D. Ill. 1995)(citations omitted). A plaintiff's choice is not, however, conclusive and can be overcome if a defendant shows that, "the inconvenience to the parties and witnesses and the dictates of justice are substantial enough to overcome the presumption in favor of [the plaintiff's home forum]." FUL Inc. v. Unified School Dist. No. 204, 839 F. Supp. 1307, 1311 (N.D. Ill. 1993). Defendant has met not his heavy burden here.

In the instant case, plaintiff's connection to Illinois is substantial because plaintiff's offices are in Illinois, and it coordinates and manages its distribution business from Illinois. Cf. Matweld, Inc. v. Portaco, Inc., 2004 WL 1403696, at *2 (N.D. Ill. June 23, 2004)(giving little weight to plaintiff's choice of forum in Illinois because plaintiff had no office or continuing

---

[3]The court notes that plaintiff begins its statement of the applicable standards for a motion to transfer with an inapposite quote from this court's opinion in Newel Co. v. Lee, 950 F. Supp. 864, 869 (N.D. Ill. 1997): "This circuit has emphasized that section 1404(a) may not be used to circumvent an otherwise valid forum selection clause." There is no forum selection clause in the instant case.

5

business presence there). Defendant fails to offer any evidence of any offices or other employees of plaintiff outside of Illinois. Because Illinois is plaintiff's home forum, plaintiff's choice is entitled to its usual substantial deference. Sitrick v. FreeHand Systems, Inc., 2003 WL 1581741, at *3 (N.D. Ill. Mar. 27, 2003).

Plaintiff's choice, however, is "simply one factor among many to be considered." GEN 17, Inc. v. Sun Microsystems, Inc., 953 F. Supp. 240, 242 (N.D. Ill. 1997)(quoting Club Assistance Program, Inc. v. Zuckerman, 598 F. Supp. 734, 736-37 (N.D. Ill. 1984)). "[T]he weight given to the plaintiff's choice of forum is lessened if the chosen forum shares relatively weak connections with the operative facts giving rise to the claim." Von Holdt v. Husky Injection Molding Systems, Ltd, 887 F. Supp. 185, 188 (N.D. Ill. 1995). The parties in the instant case dispute which facts gave rise to the claim.

Defendant asserts that the situs of material events is in California, from where he negotiated and signed his Employment Agreement from California, many customers of his or Dukal's are located, and many of the samples that form the basis of plaintiff's conversion claim were stored.[4] Plaintiff argues that the instant case is analogous to Tingstol Co. v. Rainbow Sales, Inc., 18 F. Supp. 2d 930 (N.D. Ill. 1998), in which the court found that Illinois was the situs of material events and denied the defendant's motion for transfer. The plaintiff in Tingstol, an Illinois company, sought a declaratory judgment against its former Florida sales representative, who had entered into a sales agreement in Illinois that was governed by Illinois law, and visited

---

[4] Plaintiff does not address its conversion claim in its response to defendant's motion to transfer, and defendant extrapolates from this omission that plaintiff concedes this claim is no longer meritorious. Even if plaintiff pursues its conversion claim, the prior physical location of the items at issue is of little, if any, significance.

the plaintiff's offices in Illinois several times a year. Id. In the instant case, although defendant here singed the Employment Agreement in California rather than Illinois, defendant initiated contact with plaintiff, an Illinois company, and negotiated and accepted a position with plaintiff after speaking with plaintiff's Illinois employees by telephone. The Employment Agreement is governed by Illinois law, and defendant returned it to plaintiff's Illinois offices. Defendant visited Illinois several times, where he had access to the confidential information at issue here. As in Tingstol, Illinois is the situs of material events, and plaintiff's chosen forum is entitled to deference.

The third private interest factor, ease of access to evidence and sources of proof, is neutral. Defendant argues that his office and business records are located in California. Changes in copying technology and information storage, however, have rendered many traditional concerns about document production moot. As other courts have recently noted, "all relevant documents will have to be collected, copies, inspected and sent to the offices of trial counsel [in both venues.]" Sitrick, 2003 WL 1581741, at *3 (quoting CoolSavings.com, Inc. v. IQ Commerce, Corp, 53 F. Supp. 2d 1000, 1006 (N.D. Ill. 1999); see also, Law Bulletin Publishing, Co. v. LRP Publications, Inc., 992 F. Supp. 1014, 1018 (N.D. Ill. 1998) ("The court is satisfied . . . that either party can easily bring to the district in which the case is litigated those documents that are not there already."). Accordingly, this element does not favor transfer.

The forth factor, the convenience of witnesses, is often considered the most important factor in the transfer balance. First Horizon Pharmaceutical Corp. v. Breckenridge Pharmaceutical, Inc., 2004 WL 1921059, at *4 (N.D. Ill. July 21, 2004)(citation omitted). The court must consider the effect of location of the witnesses on the court's power to compel the

7

appearance of unwilling witnesses at trial and the costs of obtaining the attendance of witnesses. Energaire Corp. v. E.S. Originals, Inc., 1999 WL 1018039, at *2 (N.D. Ill. Nov. 2, 1999); see also Georgouses v. NaTec Resources, Inc., 963 F. Supp. 728, 730-31 (N.D. Ill. 1997). In deciding this factor, the court considers the number of witnesses located in each district, as well as the nature and importance of the witnesses' testimony. Energaire, 1999 WL 1018039, at *3. The convenience of non-party witnesses is substantially more important than the convenience of party witnesses because the latter are within the parties' control. First Horizon, 2004 WL 1921059, at *4. The party seeking transfer must proffer a general statement of the testimony of non-party witnesses. Avesta Sheffield, Inc. v. Olympic Continental Resources, 2000 WL 198462, at *6 (N.D. Ill. Feb. 14, 2000).

In the instant case, the parties dispute which non-party witnesses are relevant to the instant case, in part because plaintiff's claims and theory of the case are unclear. At the root of this uncertainty is the failure of either party to effectively distinguish between the two different non-solicitation clauses in the Employment Agreement. Paragraph 5 restricts defendant from soliciting or doing business with any customers of plaintiff's with whom he did business while employed by plaintiff. Paragraph 6 prohibits defendant from soliciting any of plaintiff's customers, except those with whom defendant had a prior relationship.

Defendant's motion anticipates raising arguments and defenses based on paragraph 6. Defendant identifies 22 non-party witnesses as "customer contacts" whose testimony he asserts will "establish the pre-existing nature of [defendant's] relationship with these individuals." Defendant submits an affidavit briefly describing his prior relationship with each. Defendant's affidavit, however, also contains facts that cut against transfer. Of these 22 customers, defendant

8

states that 14 are located in California, 1 is located in Illinois, and the other 7 are located elsewhere in the United States and Canada. It appears that even if the case were transferred to California, a number of defendant's proposed witnesses would be traveling from as far away as Florida, Virginia, and Puerto Rico, as well as Illinois. Further, defendant fails to present any evidence that the witnesses he identifies would be unwilling to travel to Illinois to testify. See Avesta Sheffield, 2000 WL 198462, at *6 (denying transfer where movant did not indicate that witnesses would refuse to testify).

Plaintiff responds to defendant's argument by suggesting that its central allegations are that defendant breached paragraphs 4 and 5, by using confidential information and soliciting customers he worked with while employed by plaintiff. Plaintiff appears to disavow any claims based on paragraph 6, to which defendant's prior relationships would be a defense. Plaintiff argues that, "This is not a claim seeking to enforce a post-employment restriction upon competing within a marketplace...[n]or is it a claim about customer relationships. This is a claim specifically seeking to prevent defendant from improperly using plaintiff's confidential information on behalf of a competitor, specifically as to those customers and clients he dealt with while employed by [plaintiff]." Plaintiff thus concludes that Dukal, defendant's current employer, is the only non-party witness relevant to this case, and that this does not favor transfer because Dukal does not consider California to be any more inconvenient than Illinois.

Although plaintiff's complaint quotes paragraph 6 of the Employment Agreement, it does not allege that defendant breached this paragraph. In contrast, while not a model of clarity, the complaint does specifically allege that defendant breached paragraph 5 by soliciting at least one of plaintiff's "major customers with whom he worked on behalf of [plaintiff]." Plaintiff argues

9

that defendant's prior relationships are "irrelevant to the enforcement of a nonsolicitation agreement which is based upon defendant's access to plaintiff's confidential information about its pricing and marketing plans." Under any theory of the case, however, Dukal will be relevant, and Dukal's president stated in a letter to defendant that California and Illinois are equally inconvenient. In addition, if additional non-party witnesses become relevant and cannot be compelled to testify before this court[5], those witnesses's depositions can be taken, and this court can view video depositions or read transcripts of the witnesses's testimony. Lastly, defendant does not establish that any of his proposed non-party witnesses would be unwilling to testify, and his own affidavit reveals that Illinois may actually be more convenient than California for at least some of them. Accordingly, the convenience of non-party witnesses does not favor transfer.

The last private factor, convenience to the parties, is similarly neutral. As stated above, merely transferring inconveniences from one party to another is not a basis for granting a §1404(a) motion to transfer. See Tingstol, 18 F. Supp. at 934("Transfer is inappropriate if it 'merely transforms an inconvenience for one party into an inconvenience for the other party.'")(citation omitted). The court notes that regardless of where the litigation proceeds, defendant and a number of plaintiff's employees will be forced to spend time away from their regular duties. Defendant states that he is paying his own attorney's fees, and currently earns approximately $100,000 a year in base salary and commissions, and that plaintiff is "a large medical sales company that does millions of dollars of business each year." There is no doubt that defendant will sustain additional expenses and inconveniences by having to continue this

---

[5]The court notes that many of defendant's proposed non-party witnesses live outside the subpoena power of a California court as well as this court. Presumably, these parties will testify via deposition regardless of venue.

litigation in Illinois. It is equally certain, however, that plaintiff will sustain additional expenses and inconveniences if the litigation is transferred to Illinois. Although defendant argues that litigation in Illinois poses a personal and financial hardship to him, neither side presents evidence that it will be unable to continue the litigation in either venue. Transfer is inappropriate if it would merely shift costs from one party to another. Avesta Sheffield, 2000 WL 198462, at *7. The convenience of parties factor, therefore, is neutral at best.

In addition to the private interest factors, the court must also consider certain public interest factors that may warrant transfer: (1) the relationship of the community to the issue of the litigation and the desirability of resolving controversies in their locale; (2) the court's familiarity with applicable law; and (3) the congestion of the respective court dockets and the prospects of an earlier trial. See Hughes v. Cargill, Inc., 1994 WL 142994, at *2 (N.D. Ill. April 14, 1994).

None of the public interest factors favor transfer. Illinois courts have a strong interest in hearing breach of contract claims that involve their residents. See Vandeveld; 877 F. Supp. at 1165. Moreover, the Employment Agreement requires Illinois law to be controlling. While a California court would certainly be capable of interpreting and applying Illinois law, in diversity actions it is considered advantageous to have federal judges who are familiar with the applicable state law. Coffey v. Van Dorn Ironworks, 796 F.2d 217 (7th Cir. 1986). Lastly, no substantial disparity exists between the two forums relating to the issues of docket congestion and availability of earlier trial dates.[6]

---

[6]For the 12-month period ending September 30, 2004, the median time for disposition of a civil case was 9.3 months in the Eastern District of California and 5.9 months for the Northern District of Illinois. For the same time period, the median time from filing a civil case to trial was 27.5 months in the Eastern District of California and 28.4 months in the Northern District of
(continued...)

11

Consideration of the foregoing public and private interests convinces this court that defendant has failed to meet its heavy burden of showing that the proposed transferee forum is clearly more convenient. None of the private or public interest factors support transfer to the Eastern District of California. For the reasons stated above, the court concludes that transfer to California would merely shift inconvenience from defendant to plaintiff. That is not the purpose of §1404(a). Defendant's motion to transfer is denied.

## CONCLUSION

For the reasons set forth above, defendant's motion to transfer to the Eastern District of California is denied.

**ENTER:** **April 18, 2005**

Robert W. Gettleman
United States District Judge

---

[6](...continued)
Illinois. See www.uscourts.gov/cgi-bin/cmsd2004.pl.